

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXXXXXXXXXSON
ATTORNEY GENERAL

Honorable K. H. Dally
County Attorney
Hutchinson County
Borger, Texas

Dear Sir:

Opinion No. 0-2308
Re: Liability of Hutchinson County for fees to a city clerk acting as registrar of vital statistics under Article 4477, Rules 34a through 55a, Vernon's Annotated Civil Statutes, the Vital Statistics Law of Texas.

We are in receipt of your request for an opinion on the following question:

"Would a City Clerk, who also serves as registrar of vital statistics in an incorporated city having a population of more than 2500, which does not have an ordinance providing a salary or fee for his duties as registrar but whose salary is fixed in the minutes by the City Commissioners, without reference to his duties or obligations to register births and deaths, be entitled to receive from the County the regular fees as provided by law under rule 33a, Article 4477 of the 1925 Revised Civil Statutes."

Article 4477, Rules 34a through 55a, Vernon's Annotated Civil Statutes, and Article 781a, Penal Code, constitute the Vital Statistics Law of this State.

Rule 34a provides:

"That the State Department of Health shall have charge of the registration of births and deaths; shall prepare the necessary instructions, forms and blanks for obtaining and preserving such records and shall procure the faithful registration of the same in each primary registration district as constituted in Section 3 of this Act (rule 36a), and in the central bureau of vital statistics at the capitol of the State.

The said department shall be charged with the uniform and thorough enforcement of the law throughout the state, and shall from time to time recommend any additional legislation that may be necessary for this purpose."

Rule 36a reads as follows:

"For the purposes of this Act (Rules 34a-55a; P.C., Art. 781a) the State shall be divided into Primary Registration Districts as follows:

"Each Justice of the Peace Precinct and each incorporated town of 2,500 or more population, according to the United States Census, shall constitute a Primary Registration District, provided the State Board of Health may combine two or more Registration Districts, or may divide a Primary Registration District into two or more parts, so as to facilitate registration, and in cities of 2,500 or more, according to the last United States Census Report, where births and deaths are registered in accordance with a City Ordinance not in conflict with this Act, the City Clerk shall be the Local Registrar of Births and Deaths.

"It is hereby declared to be the duty of the Justice of the Peace in the Justice of the Peace Precinct, and the City Clerk or City Secretary in the city of 2,500 or more population, to secure a complete record of each birth and death that occurs within their respective jurisdictions, and is required by this Act (Rules 34a-55a; P.C. art. 781a)." (Underscoring ours)

Rule 53a deals with the fees for local registrars. It states:

"That each Local Registrar shall be paid the sum of Fifty cents for each birth and death certificate properly and completely made out and registered with him, and correctly recorded and promptly returned by him to the State Bureau of Vital Statistics, as required by this Act (Rules 34a-55a; P.C. art. 781a) unless such Local Registrar shall be acting as Registrar of Births and Deaths in an incorporated city where the compensation of the Registrar is otherwise fixed by City Ordinance.

"The State Registrar shall annually certify to the County Commissioners Court or County Auditor, as the case may be, the number of birth and death certificates filed by each Local Registrar at the rates fixed herein, and provided that the State Registrar may render such statements monthly or quarterly, at the discretion of the State Board of Health, and the Commissioners Court or County Auditor, as the case may be, shall audit such statement and the County Treasurer shall pay such fees as are approved by the Commissioners Court or the County Auditor, at the time such statement is issued.

"And provided further, that the Local Registrar shall submit to the Commissioners Court or the County Auditor, as the case may be, a true and accurate copy of each birth and each death certificate filed with him, and such copies shall be deposited in the County Clerk's Office, and the County Clerk shall be paid for indexing and preserving such records, such compensation as may be decided upon by the Commissioners Court." (Underscoring ours)

In order to answer your question, it is necessary that we construe the above quoted provisions of Article 4477, Vernon s Annotated Civil Statutes.

". . . the aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify or thwart it." 30 Tex. Jur. 167.

A city clerk in a city of 2,500 people or more "shall be the Local Registrar of Births and Deaths". Rule 36a, supra.

In the facts submitted the city clerk serving as Registrar of Vital Statistics receives a fixed salary. This salary is presumably compensation for the performance of duties and obligations of the office of city clerk. The minutes of the City Commissioners relating to the salary of the city clerk contain no mention of compensation in the form of salary or fees to him for the performance of the duties and obligations of a registrar of vital statistics.

Therefore, the city clerk is not within the exception to the law that each local registrar shall receive fifty cents for each birth and death registration.

The exception reads:

"Unless such Local Registrar shall be acting
as Registrar of Births and Deaths in an incor-
porated city where the compensation of the Reg-
istrar is otherwise fixed by City Ordinance."
Rule 53a.

The city clerk in the situation under consideration is
a local registrar. His compensation as registrar is not "other-
wise fixed" by city ordinance within the meaning of the statute
since it is determined without reference to his duties or obli-
gations to register births and deaths. If it was fixed with
reference to said duties and obligations, then it would bring
the city clerk within the exception of Rule 53a. We think the
reference should be specific since the duties and obligations
of a city clerk are separate and distinct ordinarily from those
of a local registrar, although not necessarily incompatible and
conflicting. Furthermore, the statute is explicit on the point
that each local registrar shall be paid the sum of fifty cents
for each birth and death certificate properly and completely
made out and registered with him, and correctly recorded and
promptly returned by him to the State Bureau of Vital Statistics,
unless he comes within the exception contained in Rule 53a.

It appears to have been the intention of the Legislature
that the local registrar receive specific compensation for the
performance of his Vital Statistics duties whether he be justice
of the peace or a city clerk. In the case of the city clerk,
the Legislature provided that in incorporated cities containing
a population of over 2,500 inhabitants, according to the last
United States Census Report, the city might give him such com-
pensation as a registrar. Otherwise, the city clerk was to
receive the statutory fifty cent fee from the county. Consid-
ering the languare, subject matter, and the obvious legislative
intent, this is a fair and reasonable construction.

It is our opinion that a city clerk also serving as
registrar of vital statistics in an incorporated city having a
population of more then 2,500 inhabitants, which does not have
an ordinance providing a salary or fees for his duties as reg-
istrar, but whose salary is fixed in the minutes of the City
Commission without reference to his duties or obligations to
register births and deaths, is entitled to receive from the
county the regular fee as provided by law under Rule 53a, Article
4477, Vernon's Annotated Civil Statutes, if said city clerk is
serving as registrar of vital statistics performs all the duties
and requirements imposed upon a local registrar by Article 4477,
Rule 34a through 55a, Vernon's Annotated Civil Statutes.

Under Rule 53a, supra, it is provided "that each local registrar shall be paid the sum of fifty cent for each birth and death certificate properly and completely made out and registered with him, and correctly recorded and properly returned by him to the State Bureau of Vital Statistics." It is also provided further in paragraph 3 of Rule 53a, supra, "that the local registrar shall submit to the Commissioners' Court or the County Auditor, as the case may be, a true and accurate copy of each birth and each death certificate filed with him, and such copies shall be deposited in the County Clerk's office * * * *."

Under the facts stated in your inquiry the city clerk has not complied with paragraph 3 of Rule 53a, supra, and, therefore, the city clerk would not be entitled to receive compensation from the county for performing the duties of a local registrar.

Statutes prescribing fees for public officers are strictly construed; hence, a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary, and the other not, the latter construction should be adopted. McCalla vs. City of Rockdale, 246 S.W. 654; Eastland County vs. Hazel, 388 S.W. 518; Madden vs. Hardy, 50 S.W. 926; Tex. Jurisprudence, Vol. 34, page 508.

In view of the foregoing authorities and the facts stated in your inquiry you are respectfully advised that it is our opinion that the city clerk would not be entitled to compensation from the county for performing the duties of a local registrar in that he has not complied with Rule 53a, supra. However, as above stated where the city clerk in serving as Registrar of Vital Statistics performs all the duties and requirements imposed upon a local registrar by Article 4477, Rule 34a through 55a, Vernon's Annotated Civil Statutes, he would be entitled to receive the fees as herein above stated.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
    Ardell Williams
    Assistant

AW:EP:wc

APPROVED JUN 15, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY s/BWB CHAIRMAN